**Yin Yee LI, individually, and as Mother and Next Friend of her daughter, Jennifer Li, Plaintiff,**

v.

**Abdul Quayyum QURAISHI and UAL, Inc., Defendants.**

**No. 91–CV–1419.**

United States District Court, E.D. New York.

Jan. 10, 1992.

Power, Weiss and Marks, New York City for plaintiff; Jonathan Marks, of counsel.

Alio, Caiati & McDonough, New York City (Harriet Feuer, of counsel), Joseph R. Press, Bayonne, N.J., for defendant Abdul Quayyum Quraishi.

Downing and Mehrtens, P.C., New York City, for defendant UAL, Inc.; Thomas E. Mehrtens, of counsel.

## MEMORANDUM—DECISION AND ORDER

BARTELS, District Judge.

### STATEMENT OF FACTS

Plaintiff Yin Yee Li alleges that on or about March 8, 1991, she and her daughter, Jennifer Li, a two-year old infant, boarded a plane for a trip from Tokyo, Japan to New York. She states that during the United Air Lines flight defendant Abdul Quayyum Quraishi ("Quraishi") exposed himself and urinated into the mouth and eyes and over the body of the infant Jennifer Li and onto her own lap. As a result, she alleges severe emotional and psychological damage to both her child and herself.

Plaintiffs bring this diversity action against Quraishi and United Air Lines, Inc. ("UAL") for negligence and intentional misconduct. UAL moves for summary judgment under the Warsaw Convention[1] on the ground that it bars recovery for purely psychological damages even if caused by intentional misconduct. Plaintiffs do not oppose the motion and therefore UAL has been granted summary judgment with respect to plaintiffs' complaint against UAL. As to the cross-claim against UAL by the co-defendant Quraishi, assuming that UAL's action is directly causative of the plaintiffs' injuries and that the cross-claim is valid, the Court also grants UAL summary judgment with respect to Quraishi's cross-claim.

The cross-claim must be based upon the direct liability of UAL to Quraishi. It does not depend upon any possible liability of UAL to the plaintiffs. But since the plaintiffs no longer make a claim against UAL, Quraishi does not have a cross-claim against UAL. Under the common law approach, Quraishi can only hold UAL liable as a third party defendant. Plaintiffs have alleged both negligence and intentional and wilful misconduct against both defendants. UAL is alleged to have caused the damages because of intentional misconduct in permitting Quraishi to board the plane and to thereafter serve him alcoholic beverages as an intoxicated person. This is now only Quraishi's claim since plaintiffs no longer make a claim against UAL. UAL denies that it engaged in wilful misconduct and states that even if it were guilty of the same it would be immune under the Warsaw Convention from liability for purely psychological injuries.

### DISCUSSION

The issue raised is whether a carrier can be held liable under the Warsaw Convention for purely mental and psychological injuries, assuming the carrier is guilty of wilful misconduct. No bodily injury being alleged by plaintiffs against Quraishi, Qur-

1. Convention for the Unification of Certain Rules Relating to International Transportation by Air, Oct. 12, 1929, 49 Stat. 3000, T.S. No. 876 (1934), note following 49 U.S.C.App. § 1502 ("Warsaw Convention" or "Convention").

aishi's claims for indemnification and contribution from UAL must be limited to purely mental and psychological injuries. There are two applicable articles of the Warsaw Convention, Article 17 and Article 25, which must be construed together in order to understand the issue. Article 17 reads as follows:

> "The carrier shall be liable for damage sustained in the event of the death or wounding of a passenger or any other *bodily injury* suffered by a passenger, if the accident which caused the damage so sustained took place on board the aircraft or in the course of any of the operations of embarking or disembarking." 49 Stat. 3018 (Emphasis added).

Article 25 reads as follows:

> "(1) *The carrier shall not be entitled to avail himself of the provisions of this convention which exclude or limit his liability, if the damage is caused by his wilful misconduct* or by such default on his part as, in accordance with the law of the court to which the case is submitted, is considered to be equivalent to wilful misconduct.
>
> (2) Similarly the carrier shall not be entitled to avail himself of the said provisions, if the damage is caused under the same circumstances by any agent of the carrier acting within the scope of his employment." 49 Stat. 3020 (Emphasis added).

Reading the two articles together, it appears that the carrier is liable for any damages caused by its wilful misconduct. In its recent decision, *Eastern Airlines v. Floyd*, — U.S. —, 111 S.Ct. 1489, 113 L.Ed.2d 569 (1991), the Supreme Court, relying upon the French language (the official language of the Convention) in interpreting the law, history, and purposes of the Convention, determined that Article 17 did not cover purely mental or psychological injuries but did cover bodily injury. It did not consider Article 25 and thus did not state whether such rule would hold true as to purely mental and psychological injuries when there was wilful misconduct.

However, in *In Re Air Disaster at Lockerbie, Scotland on December 21, 1988*, 928 F.2d 1267 (2nd Cir., 1991), the Second Circuit Court of Appeals addressed the question of whether the Warsaw Convention permits punitive damages when the carrier is guilty of wilful misconduct. *Lockerbie* first decided that "damage sustained" in Article 17 (*"dommage survenu"*) is not meant to encompass punitive damages. It then held that neither does Article 25 permit such damages even when there is wilful misconduct. *Lockerbie* stated:

> "We conclude that Article 17 is not one of the limitations or exclusions to which Article 25 refers; Article 25 voids only certain provisions in the event of willful misconduct, but the rest of the Convention remains fully operative, and the Convention as it then remains still is inconsistent with the notion of a punitive damages recovery." *Id.* at 1285.

As thus construed, Article 17 is effective only as to bodily injury and not to purely mental or psychological injury, even though the causative conduct is wilful. Quraishi does not contest that under the reasoning of the *Lockerbie* decision wilful misconduct under Article 25 does not modify the liability of the carrier under the provisions of Article 17. Rather, Quraishi argues that *Floyd* reverses *Lockerbie* by holding that Article 17 is a limitation on liability. While *Floyd* does recognize that Article 17 limits the liability of air carriers, it does not follow that the language of Article 25 refers to the limitations on liability of Article 17 for psychological or mental injuries. *Floyd* refers to the "bodily injury" language of Article 17 as having a "narrow meaning *excluding* purely mental injuries", the purpose being "to *limit* the types of recoverable injuries." *Floyd*, 111 S.Ct. at 1497 (Emphases added). However, any provision of the Convention that could be raised as a defense by an air carrier does, in effect, exclude or limit liability. If it automatically follows that such defenses are void upon a showing of wilful misconduct, other provisions of the Convention would be removed from all consideration in such cases. For example, the statute of limitations in Article 29 would no longer be

in effect, for it excludes liability when a claim is untimely brought. Many years could go by and a plaintiff could bring an action against the air carrier as long as wilful misconduct is alleged. This Court hesitates to believe that this was the intention of the authors of the Convention.

The Second Circuit in *Lockerbie* understood that the effect of Article 17 was to exclude or limit certain types of liability and still determined that Article 25 does not refer to liability not included in Article 17. *Lockerbie* held that the provisions of the Convention that are referred to by the "exclude or limit" language of Article 25 are in doubt. *Lockerbie*, 928 F.2d at 1286. The court wrote that characterizing a provision as an exclusion or a limitation is not the litmus test for the applicability of Article 25, for "[a]rticle 25 ... does not lift every limit on a carrier's liability." *Id.* Rather, it is the authors' intentions that are crucial. And, as to the authors of the Convention, "[a]rticle 17 was not envisioned as a limit or exclusion of liability ..." *Id.* Thus, the Second Circuit knew that Article 17 is in effect a limitation on liability in that it did not include punitive damages and still held that it is not affected by Article 25.

Moreover, after the Supreme Court's *Floyd* decision, the D.C. Circuit Court of Appeals in *In Re Korean Air Lines Disaster of September 1, 1983*, 932 F.2d 1475 (D.C.Cir.1991) ("*KAL*"), followed the pertinent holdings of the Second Circuit's *Lockerbie* decision. Thus, *KAL* held that: "Article 25 bars the carrier from relying on those provisions in the Convention that 'exclude or limit' liability. Article 17 is not among these ... [for] certain key articles in the Convention continue to apply in cases of willful misconduct, and no authority suggests that the basic liability terms of Article 17 ... were to be displaced ... [W]e agree with the Second Circuit that the drafters would not have considered Article 17 a 'limitation' on liability." *KAL*, 932 F.2d at 1488–89. The *KAL* court was well aware of *Floyd*, referring to it many times, *see, e.g., Id.* at 1484, 1486, and 1487, yet its opinion is void of any finding that *Floyd* disagreed with *Lockerbie* on this point.

While both *KAL* and *Lockerbie* dealt with the separate issue of whether punitive damages are recoverable when there is wilful misconduct, both decisions turned upon the determination that Article 17 is not modified by Article 25. Consequently, this Court believes, by the same characterization, that purely mental or psychological injury is not a limitation modified by Article 25. Therefore, this Court concludes that UAL is not liable to Quraishi under the Warsaw Convention in spite of Article 25, and accordingly grants UAL summary judgment in its favor and dismisses Quraishi's cross-claim against UAL.

SO ORDERED.